IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 08-00739 (02) SOM; |
| | ) | Civ. No. 13-00484 SOM/RLP |
| Plaintiff, | ) | |
| | ) | ORDER DECLINING TO ISSUE |
| vs. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| JOHN GOUVEIA, JR. (02), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On November 10, 2016, Petitioner John Gouveia, Jr., renewed his request for a certificate of appealability. This court declines to issue a certificate of appealability because this court has made no ruling to which the certificate of appealability procedure even applies.

Gouveia's renewal of his request for a certificate of appealability is apparently prompted by a notice he received from the Clerk's Office of the United States Court of Appeals for the Ninth Circuit. That notice, dated September 30, 2016, included the following statement: "A briefing statement will not be set until the district court and, if necessary, this court determine whether a certificate of appealability should issue." Notwithstanding this statement in the notice sent to Gouveia, this court received no direction from the Ninth Circuit indicating that this court was to consider whether to issue a certificate of appealability. Indeed, until, in the papers he filed with this court on November 10, 2016, Gouveia mentioned the

Ninth Circuit's notice referring to a certificate of appealability, this court was not even aware that there was any issue regarding a certificate of appealability. This court was instead of the belief that no ruling concerning a certificate of appealability was required from this court.

At the heart of Gouveia's renewed request for a certificate of appealability is his belief that this court has denied a motion he brought under Rule 60(b) of the Federal Rules of Civil Procedure. There is no dispute that Gouveia did file a motion styled as being brought under Rule 60(b). That motion sought reconsideration of this court's denial in 2014 of his first motion brought under 28 U.S.C. § 2255. Both this court and the Ninth Circuit had declined in 2014 to issue certificates of appealability with respect to the denial of Gouveia's first § 2255 motion. With respect to Gouveia's Rule 60(b) motion, filed in 2015, this court did not actually either grant or deny the motion. Instead, this court construed the motion as a second or successive § 2255 motion. In accordance with § 2255(h) and Ninth Circuit Rule 22-3(a), this court then transferred the purported Rule 60(b) motion to the Ninth Circuit for that court's consideration of whether to certify Gouveia's second or successive motion under § 2255(h). In an order filed on March 27, 2016, this court set forth the background for this transfer

and this court's reasoning.  See ECF No. 596 (in Crim. No. 08-00739 SOM).

In renewing his request for a certificate of appealability, Gouveia cites United States v. Winkles, 795 F.3d 1134 (9th Cir. 2015), for the proposition that a certificate of appealability is required for an appeal from the denial of a Rule 60(b) motion.  In Winkles, the Ninth Circuit said, "We conclude-in keeping with the Supreme Court's holding in Harbison, the text of section 2253(c), and the policy underlying the statute-that a COA is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion."  Id. at 1142.  But the Ninth Circuit also recognized that not everything that might be labeled a Rule 60(b) motion was necessarily a "legitimate" Rule 60(b) motion.

The Ninth Circuit in Winkles cited Gonzalez v. Crosby, 545 U.S. 524 (2005), for its discussion of when a litigant is bringing a "legitimate" Rule 60(b) motion.  A "legitimate" Rule 60(b) motion is one that attacks "some defect in the integrity of the federal habeas proceedings."  Winkles, 795 F.3d at 1141.  By contrast, a motion that asserts a federal basis for relief from a judgment of conviction is treated as a second or successive habeas petition.  Id.  The parties in Winkles agreed that the petitioner in that case was bringing a "legitimate" Rule 60(b) motion.  Id.  Nor was there any dispute that the "legitimate"

Rule 60(b) motion had been denied.  These facts make <u>Winkle</u> distinguishable from the situation Gouveia presents.

First, Gouveia has not filed a "legitimate" Rule 60(b) motion.  Instead, he has filed a second or successive § 2255 motion.  Gouveia therefore requires the Ninth Circuit's certification to proceed, not a certificate of appealability from this court.

Second, this court has not denied Gouveia's purported Rule 60(b) motion.  This court has transferred the motion without ruling on it.  In transferring the motion, this court expressly recognized that it lacked jurisdiction to rule on the motion. <u>See</u> ECF No. 596 (in Crim. No. 08-00739 SOM), Page ID # 10549 (referring to jurisdictional bar in § 2255(h)(2) to district court consideration of second or successive motion and citing <u>Ezell v. United States</u>, 778 F.3d 762 (9th Cir. 2015), to that effect).

To the extent the Ninth Circuit may be waiting for a determination by this court on whether to issue a certificate of appealability, this court states that it declines to issue a certificate of appealability.  Even assuming <u>Winkles</u> applies to Gouveia's case, Gouveia does not meet the two-part <u>Winkles</u> test for the issuance of a certificate of appealability.

The first prong of the <u>Winkles</u> test requires a movant to show that "jurists of reason would find it debatable whether

4

the district court abused its discretion in denying the Rule 60(b) motion." 795 F.3d at 1143. As explained above, this court asserts that it could not have abused its discretion in denying Gouveia's Rule 60(b) motion because this court did not deny the motion at all. But assuming the transfer of the motion to the Ninth Circuit could be construed as a denial of the Rule 60(b) motion, this court does not think jurists of reason would find it debatable that the transfer was required by § 2255(h).

The second prong of the <u>Winkles</u> test requires a movant to show that "jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." 795 F.3d at 1142. This court, noting its lack of jurisdiction, did not rule on the validity of any claim Gouveia advanced in his purported Rule 60(b) motion. Thus, this court provided nothing for jurists of reason to debate with respect to the validity of any claim. In

any event, because Gouveia clearly does not satisfy the first prong of the <u>Winkles</u> test, he is not entitled to the issuance from this court of a certificate of appealability, even assuming the <u>Winkles</u> test applies here.

   IT IS SO ORDERED.

   DATED: Honolulu, Hawaii, November 14, 2016.



   /s/ Susan Oki Mollway
   Susan Oki Mollway
   United States District Judge

<u>United States of America v. Gouveia</u>, Crim. No. 08-00739 SOM (02); Civ. No. 13-00484 SOM/RLP; ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY