```
             IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )    CR. NO. 08-00739 SOM
                             )
          Plaintiff,         )    ORDER GRANTING IN PART AND
                             )    DENYING IN PART DEFENDANT
                             )    JOHN GOUVEIA'S SECOND MOTION
                             )    FOR COMPASSIONATE RELEASE
     vs.                     )
                             )
JOHN GOUVEIA, JR.,           )
                             )
          Defendant.         )
                             )
_____ )
```

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
JOHN GOUVEIA'S SECOND MOTION FOR COMPASSIONATE RELEASE**

**I.      INTRODUCTION.**

In January 2011, this court sentenced Defendant John Gouveia to 292 months of imprisonment, 10 years of supervised release, and $300 in special assessments with respect to three drug felonies. *See* Minutes of Sentencing, ECF No. 225; Judgment in a Criminal Case, ECF No. 231. Gouveia was responsible for 3.105 kilograms of actual methamphetamine and 500 grams of generic methamphetamine. *See* Pretrial Investigation Report at 10, ECF No. 228, PageID # 2509; ECF No. 225 (adopting Pretrial Investigation Report); Transcript of Proceedings (Sentencing) at 15, ECF No. 273, PageID # 3428; Memorandum of Plea Agreement, ECF No. 167, PageID # 500. On April 13, 2015, the court reduced Gouveia's prison sentence to 240 months pursuant to Amendment 782 to the Sentencing Guidelines. *See* ECF No. 563, PageID # 10256.

Gouveia, age 49, has served less than 14 years of his

20-year sentence.  *See* ECF No. 656-2, PageID #s 11532 (indicating that, as of March 5, 2024, he had served 13 years, 8 months, and 8 days of his sentence) and 11534 (indicating that he is 49 years old).  Gouveia has a projected release date of October 2, 2026, assuming good time credit, and is currently incarcerated in California at Atwater USP's minimum security satellite camp.  *See* https://www.bop.gov/inmateloc/ (input Register Number 87399-022) (last visited May 15, 2024); ECF No. 656, PageID # 11527.  Gouveia appears eligible for home detention on April 2, 2026.  *See* ECF No. 656-2, PageID # 11531.

In August 2020, Gouveia filed his first motion for compassionate release.  *See* ECF No. 645.  Gouveia argued that extraordinary and compelling reasons existed to justify his early release from prison based on: 1) the COVID-19 conditions at FCI Lompoc; 2) an intervening change in the law providing for a reduced mandatory minimum sentence of 15 years, rather than the 20 years in effect when he was sentenced; and 3) his rehabilitation.  *See id.*  The court, finding no extraordinary and compelling reason justifying Gouveia's early release, denied the motion.  *See* 2020 WL 6065299 (Oct. 10, 2020).

Gouveia's present compassionate release motion, ECF No. 656, argues: 1) that the reduced mandatory minimum sentence of 15 years should justify reducing his sentence; 2) that conditions in prison during the COVID-19 pandemic were tough; and 3) that he

2

has demonstrated his rehabilitation. *See id.* Upon consideration of Gouveia's present motion, this court reduces his 240-month sentence to 235 months but determines that the circumstances he presents fail to demonstrate extraordinary and compelling reasons justifying any earlier release. Accordingly, the court grants in part and denies in part his second compassionate release motion.

**II.      ANALYSIS.**

Gouveia's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must initially determine that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief

3

request.  If a defendant has satisfied the exhaustion requirement, then the court may only exercise its discretion after examining three considerations.  First, it must find that extraordinary and compelling reasons warrant a sentence reduction.  Second, it must find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to the motion).  Third, it must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to determine under the particular circumstances presented whether the requested reduction in sentence is warranted.  *See United States v. Wright*, 42 F.4th 1063, 1070 (9th Cir. 2022); *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).  "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds."  *Wright*, 42 F.4th at 1070-71.

> **A.    Gouveia Has Satisfied the Exhaustion Requirement of 18 U.S.C. § 3582(c)(1)(A).**

Gouveia submitted two administrative compassionate release requests to the warden of his prison on January 22, 2024, raising the grounds set forth in the present motion.  *See* ECF No. 656-3, PageID #s 11540-41.  It has been more than 30 days since Gouveia submitted those requests to his warden.  The Government has not argued that Gouveia has failed to satisfy the exhaustion

4

requirement. *See* ECF No. 661. Accordingly, this court finds that Gouveia has fulfilled the exhaustion requirement of § 3582(c)(1)(A).

> **B. Extraordinary and Compelling Circumstances Consistent With the Sentencing Commission's Policy Statements Justify a Reduction of Gouveia's Sentence to 235 Months, But No Additional Reduction.**

This court turns to § 3582(c)(1)(A)'s second requirement--whether extraordinary and compelling reasons consistent with the Sentencing Commission's policy statements warrant a sentence reduction. The sentencing guidelines generally reflect the Sentencing Commission's policy statements. In particular, the court examines USSG § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)") when considering compassionate release motions. Before November 1, 2023, USSG § 1B1.13 only applied to motions brought by the BOP Director. Accordingly, courts did not consider that guideline to be an applicable policy statement with respect to compassionate release motions brought by individual defendants. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (holding that the "current version of USSG § 1B1.13 is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant" but that it could inform a court's discretion with respect to compassionate release motions brought by an individual defendant). Effective

5

November 1, 2023, USSG § 1B1.13 was amended to apply to motions brought by both the BOP Director and individual defendants. The provision is now the applicable policy statement with respect to compassionate release motions. *See United States v. Steidell*, 2024 WL 1414195, at *2 n.3 (D. Haw. Apr. 2, 2024); *see also United States v. Kaneko*, 2024 WL 1018362, at *2 (D. Haw. Mar. 8, 2024) ("because the November 1, 2023 amendments to § 1B1.13 expressly apply to motions brought by the BOP Director and to those brought by individual defendants, these amendments are now binding on the court").

The current version of § 1B1.13(b) contains several provisions applicable to Gouveia's motion. Under § 1B1.13(b)(5), in determining whether a defendant has demonstrated extraordinary and compelling circumstances justifying compassionate release, this court may consider circumstances or a combination of circumstances that is "similar in gravity" to those in sections (b)(1) to (b)(4) (medical circumstances, age, family circumstances, and victim of abuse). Under §§ 1B1.13(b)(6) and (c) the court may consider changes in law producing a gross disparity between the sentence being served and a sentence likely to be imposed at the time of a motion. Under § 1B1.13(d), the court may consider the rehabilitation of a defendant in combination with other circumstances, but rehabilitation alone does not constitute extraordinary and compelling circumstances.

6

Gouveia claimed extraordinary and compelling circumstances in his 2020 motion for compassionate release.  The main thrust of his 2024 argument is that, if sentenced today, he would be subject to a 15-year statutory minimum sentence, rather than the 20-year statutory minimum sentence that he faced at the time of his actual sentencing.  In his 2020 motion, Gouveia argued that, if sentenced in 2020, he would have had a guideline range of 235 to 293 months imprisonment, and a reduced 15-year (180-month) statutory minimum sentence.  Gouveia's current 240-month sentence is at the low end of that guideline range.  *See* 2020 WL 6065299, at *6.

At the time of Gouveia's original sentencing, he had a Total Offense Level of 38 and was in Criminal History Category III, giving him an advisory guideline range of 292 to 365 months.  *See* Transcript of Proceedings (Sentencing), ECF No. 273, PageID # 3416.  Gouveia argued that he should be sentenced to the mandatory statutory minimum sentence of 240 months, a below-guideline sentence based on the 3553(a) factors.  *Id.*, PageID # 3418.  The court sentenced him to 292 months, determining that the low-end of the guideline range was appropriate given Gouveia's background placing him in Criminal History Category III and the § 3553(a) factors.  This court considered the large amount of drugs involved and Gouveia's failure to learn from an earlier drug conviction.  *Id.*, PageID

7

#s 3425-26, 3429-30.

In later sentencing Gouveia's codefendant, Ramiro Hernandez, the court addressed the issue of sentencing disparity. Hernandez was in Total Offense Level 43 and Criminal History Category III, with an advisory guideline range of life. *See* ECF No. 450, PageID # 5672. By the time Hernandez was sentenced, Amendment 782 was anticipated, and the parties agreed the court could apply it. The court applied a two-level decrease in the offense level, to Total Offense Level 41, resulting in an advisory guideline range of 360 months to life. *See* ECF No. 562, PageID #s 10226-2. Hernandez was sentenced to 300 months of imprisonment. *See id.*, PageID # 10250. This below-guideline sentence was based on the nature of the crime, his role in the offense, his obstruction of justice, and his criminal history. *See id.*, PageID # 10247. In sentencing Hernandez, this court, keenly aware of the need to avoid unjustifiable sentencing disparities, compared Hernandez's sentence with that of Gouveia, noting that Gouveia might well receive a lower sentence in the future. *See id.*, PageID # 10248. As noted by the Government, Gouveia did not have an obstruction of justice enhancement or aggravating role adjustment. Hernandez, who supplied the drugs, was more culpable than Gouveia. *See id.*, PageID #s 10229-30. But Hernandez was older and had a family. *See id.*, PageID #s 10235, 10245.

8

In April 2015, the court reduced Gouveia's sentence from 292 months of imprisonment to 240 months of imprisonment pursuant to Amendment 782. *See* ECF No. 563. As noted in the court's earlier order, this sentence is within the guideline range that Gouveia would be in if he were sentenced today. Nothing in the record now or at the time of sentencing suggests that this court would go below that guideline range if it sentenced Gouveia today. To the contrary, sentencing Gouveia to a below-guideline sentence would create an unwarranted disparity with the sentence imposed on Hernandez. The reduction in the statutory minimum, while giving this court more discretion, does not cause this court to conclude that a below-guideline sentence would be warranted.

However, this court is permitted to take into account the change in the statutory minimum, even though the change is not retroactive. This court notes that, in Gouveia's original sentence imposed in 2011, this court sentenced Gouveia at the bottom of his then-guideline range of 292 to 365 months. When his sentence was reduced in 2015 pursuant to Amendment 782, he was sentenced to the statutory minimum of 240 months, not to the bottom of his new guideline range, which he says was 235 to 293 months. It appears to this court that the 20-year statutory minimum led to a sentence that, while near the bottom of the new guideline range, was not at the very bottom. With the subsequent

9

lowering of the statutory minimum and with the development of the law concerning compassionate release motions, this court now views a sentence reduced from 240 months to 235 months, the bottom of the guideline range, as appropriate.

The harsh prison conditions that Gouveia says he faced during the COVID-19 pandemic do not supply this court with an additional extraordinary and compelling justification to reduce Gouveia's sentence at this time.  Those conditions applied to every inmate in the BOP's custody during the pandemic, and Gouveia does not detail how he suffered as a result of those conditions.  Moreover, in denying Gouveia's first compassionate release motion, this court already rejected those conditions as being extraordinary and compelling.  Gouveia does not explain why those conditions are different now.

Nor does Gouveia's taking of more rehabilitation classes demonstrate circumstances that are so different from those presented in his first motion that a further reduction beyond a 235-month sentence is warranted.

        C.    **The 3553(a) Factors Do Not Support a Reduction to a Sentence Blow 235 Months**.

The court turns to an examination of factors set forth in section 3553(a), which, on balance, do not support a reduction of more than 5 months, to 235 months.  While Gouveia's rehabilitation efforts should be commended and encouraged, the crimes for which he was convicted involved large amounts of

10

drugs, and, in fact, were not his first such conviction.  At the time of his sentencing, the court determined that a 292-month sentence was appropriate, balancing the nature and circumstances of the offenses and Gouveia's past history with the need to impose a sentence reflecting the seriousness of his offenses, deterring criminal conduct, protecting the public from further crimes of Gouveia, promoting respect for the law, and providing just punishment for the offenses, all the while providing Gouveia with appropriate opportunities.  The court then lowered his sentence to 240 months of imprisonment, more than half of which Gouveia has served.  Additionally, Gouveia has been disciplined for having had a cellular telephone in prison in 2019 and then again in 2021.  *See* ECF No. 661-1, PageID # 11566.  His repeated possession of contraband cellular telephones raises questions about Gouveia's respect for authority.

11

**III.     CONCLUSION.**

Under the circumstances presented, this court reduces Gouveia's prison sentence from 240 months to 235 months, but denies Gouveia's latest request for a greater reduction under § 3582(c)(1)(A).  All other terms of Gouveia's sentence remain unchanged.

It is so ordered.

DATED: Honolulu, Hawaii, May 15, 2024.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Gouviea*, Cr. No. 08-00739 SOM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JOHN GOUVEIA'S SECOND MOTION FOR COMPASSIONATE RELEASE